The document below is hereby signed. Dated: June 23, 2011.



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
                  UNITED STATES BANKRUPTCY COURT
                   FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
THOMAS P. DECAIR AND            )    Case No. 89-00029
SHEILA M. DECAIR,               )    (Chapter 13)
                               )    Not for Publication in
              Debtor(s).        )    West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER REQUIRING
SUPPLEMENTATION OF APPLICATION FOR RELEASE OF UNCLAIMED FUNDS

On May 16, 2011, Oak Point Partners, Inc., successor-in-interest to the Hechinger Liquidation Trust, through its authorized representative, Eric A. Linn, filed an application for release of unclaimed funds in the amount of $23.81 (Dkt. No. 69). On February 21, 1995, the unclaimed dividend in question was deposited into the court's registry pursuant to 11 U.S.C. § 347(a),[1] and the funds remain on deposit pursuant to 28 U.S.C. §§ 2041 and 2042.  Absent a showing by Oak Point Partners, Inc.

---

[1] 11 U.S.C. § 347(a) provides, in relevant part:

Ninety days after final distribution under section . . . 1326 of this title in a case under chapter . . . 13 of this title . . . the trustee shall stop payment on any check remaining unpaid, and any remaining property of the estate shall be paid into the court and disposed of under chapter 129 of title 28 [28 USC §§ 2041 et seq.].

that the debt once payable to Hechinger has not been previously satisfied, the court will not grant the relief sought.

The burden is on Oak Point Partners to demonstrate that it is entitled to the funds sought. *Hansen v. United States,* 340 F.2d 142, 144 (8th Cir. 1965). Although the record before the court demonstrates that Hechinger was at one time entitled to the funds, Oak Point Partners, as Hechinger's successor-in-interest, has not demonstrated a present entitlement. The court will require pursuant to 28 U.S.C. § 2042[2] that the withdrawal of the funds and payment to Oak Point Partners be ordered only upon a demonstration by Oak Point Partners of a **present** right to the funds. *See Willametz v. Susi*, 489 F.2d 364, 366 (1st Cir. 1973).

This is a 1989 case and the check in question was deposited by the trustee more than a decade ago. The application does not indicate why the check went uncashed, and although the funds were

---

[2] 28 U.S.C. § 2042 provides:

No money deposited under section 2041 of this title shall be withdrawn except by order of the court.

In every case in which a right to withdraw money deposited in court under section 2041 has been adjudicated or is not in dispute and such money has remained so deposited for at least five years unclaimed by the person entitled thereto, such court shall cause such money to be deposited in the Treasury in the name and to the credit of the United States. Any claimant entitled to such money may, on petition to the court and upon notice to the United States attorney and **full proof of right thereto**, obtain an order directing payment to him. [Emphasis added.]

2

originally distributed by check made payable to Hechinger pursuant to an allowed claim, the court is not willing to deem this satisfactory evidence, standing alone, of Oak Point Partners' **present** entitlement, as Hechinger's successor-in-interest, to the funds. *See Willametz*, 489 F.2d at 366 (funds originally deposited with district court on condition that such court enjoin enforcement of previously entered but potentially duplicative state court judgment could be distributed to creditor of prevailing party despite absence of provision for such payment upon change in circumstances justifying such payment). If Hechinger's claim that was the basis for the issuance of the distribution has already been satisfied, circumstances have changed such that Oak Point Partners is no longer entitled, as Hechinger's successor-in-interest, to the funds. *Id.* at 367 (*quoting Harris v. Balk*, 198 U.S. 215, 226 (1905) ("It ought to be and is the object of courts to prevent the payment of any debt twice over.")).

Any overpayment that might result from payment of the unclaimed funds to Oak Point Partners is not simply a matter to be resolved by Oak Point Partners and the debtors. Instead, § 2042 requires that the court determine Oak Point Partners'

3

entitlement to the funds.[3]  It is thus

ORDERED that within 28 days of the entry of this order Oak Point Partners shall supplement its application for release of unclaimed funds with the court by providing documentation showing that the unclaimed funds amount has not been previously paid to Hechinger or Oak Point Partners as its successor-in-interest (e.g., foreclosure records, account statements, etc.) and that if such documentation is not timely filed, the court will deny the Application without prejudice.

[Signed and dated above.]


Copies to:

Hechinger Liquidation Trust
c/o Oak Point Partners, Inc.
Attn: Eric Linn, President
1540 E. Dundee Rd., Ste. 240
Palatine, IL 60074

---

[3] 28 U.S.C. § 2042 requires that the funds be withdrawn only upon order of the court, and even after five years have passed and moneys have been deposited in the treasury, a claimant must be "entitled to any such money."  Further, funds deposited in the Treasury may only be paid to the rightful owners as determined by the court.  *Hansen*, 340 F.2d at 144.  The court does not address which entity or entities are entitled to the funds in the event that Oak Point Partners is not entitled to the funds.  Although it would seem that someone ought to be entitled to the funds, the court need not resolve at this juncture the question of who is entitled to the funds.